## VOGEL *v.* LITTLE ROCK.

Decided March 26, 1892.

1. *Municipal corporation—Annexation—Election.*

   Section 922 of Mansfield's Digest, which provides that "when any municipal corporation shall desire to annex any contiguous territory thereto, lying in the same county, it shall be lawful for the council to submit the question to the qualified electors at least one month before the annual election," contemplates, not that the election to determine the question of annexation shall be held at least one month before the annual election, but that the council shall make an order, at least a month before such election, for the submission of the question at that election.

2. *Res Judicata—Former appeal.*

   A question determined upon appeal to this court is not open to investigation upon a second appeal.

3. *Annexation—Amendment of petition—City attorney.*

   A city attorney has authority, in the absence of any special ordinance, to amend a petition for annexation of contiguous territory to the city by excluding therefrom certain portions of the territory which should not be annexed.

4. *Annexation of agricultural land.*

The annexation of land at present used for agricultural purposes is not erroneous where it derives its value, not merely from its proximity to the city, but also from its prospective use for town purposes.

APPEAL from *Pulaski* Circuit Court.

ROBERT J. LEA, Judge.

Proceedings were instituted in the county court to annex to the city of Little Rock the unincorporated town of Argenta, and certain other contiguous territory, there having been an ordinance passed to that effect and a favorable vote at the annual city election. Vogel, Vestal, Ratcliffe and certain others interested in the land proposed to be annexed were permitted to intervene and to resist the annexation. The county court adjudged in favor of the annexation, as likewise did the circuit court on appeal. The case was appealed to this court, and is reported as *Vestal* v. *Little Rock*, 54 Ark., 321. This court, having found that certain lands were improperly annexed, remanded the cause to the circuit court, with directions that the city should be permitted to make such amendments as it might deem proper in order to exclude from its petition lands that should not be annexed.

The mandate in the cause having been filed in the circuit court May 25, 1891, the city of Little Rock, by its attorney, filed its amended petition, in which it set up the orignal ordinance of February 15, 1890, providing for annexation, and also a resolution passed by the city council on July 27, 1891, according to the terms of which the city council had resolved that its attorney be authorized "to amend the petition in the case of *Vestal* et al. v. *Little Rock*, now pending in the Pulaski circuit court, by striking out therefrom the said lands of said Vestal, and to make any further or additional amendments in the way of striking out or omitting from the petition territory included therein, in the progress of the proceedings for annexation."

The remonstrants united in a motion to strike out the amended petition. The motion was overruled. Upon he

hearing the petition of the city was granted. The remonstrants have appealed.

*Dodge & Johnson* and *U. M. & G. B. Rose* for appellants.

1. The ordinance of annexation was never submitted to a vote of the people as provided by law. Section 922, Mansfield's Digest, requires the proposition to be submitted *at least* one month *before* the annual election. In this case it was submitted *on* the day of the annual election and is *a nullity*.

2. The city council had no right to amend the ordinance by the adoption of a mere resolution.

3. The proof shows that the property of remonstrants was not the proper subject of annexation.

*Ratcliffe & Fletcher* also for appellants.

Under the rule in 54 Ark., 321, the lands of Ratcliffe, Field and Hanger should not have been annexed. They are mostly used for agricultural purposes; they are vacant and do not derive special value from their adaptability for city uses; they are not necessary for city purposes. The lands are low and flat—not adapted for residence purposes. It is beyond the natural boundary of the city. The only effect of annexation will be to impose the burden of city taxes with no corresponding benefits.

*W. G. Whipple* and *Morris M. Cohn* for appellee.

1. No ordinance was necessary to amend the petition. Mansf. Digest, sec. 786; 43 Ark., 327. The circuit court tries the case *de novo* and makes such order as the county court should have made. 33 Ark., 517. It may therefore permit an amendment unless restrained by other provisions of the statute. Secs. 790, 916, 922; 54 Ark., 329.

2. It is clear that the submission referred to in sec. 922 means that the question shall be submitted to the people by the council, thirty days before the annual election to be voted upon at said annual election. But this question is *res adjudicata*. 54 Ark.. 321; Wells on Res Adjudicata,

secs. 217–18; 18 How. 418; 3 How., 61; 26 Ark., 18; 29 *id.*, 185; 44 *id.*, 395.

3. The proof shows the lands of Ratcliffe, Field *et al.* to be properly annexed.

4. The railroad lands also come within the rule as laid down in 54 Ark., 321.

HEMINGWAY, J. The grounds alleged for reversal are:

First, that the vote upon annexation was taken at the annual city election, and that such vote could be legally taken only at an election held at least one month before the annual election.

Second, that where there is an affirmative vote upon a proposition to annex contiguous outlying territory to a municipal corporation, and it appears there are portions of said territory which should not be annexed, the petition cannot be amended by excluding such portions, as was done in this case.

Third, that if such right of amendment exists, it must be authorized by an ordinance of the municipal council and cannot be allowed upon the motion of the city attorney in the absence of such ordinance; and,

Fourth, that it was not right and proper to include in the territory annexed the land of Ratcliffe, Field and Hanger.

1. When municipal election to decide annexation held.

I. The solution of the first question depends upon the construction placed upon the first sentence in section 922 of Mansfield's Digest, which is as follows: " When any municipal corporation shall desire to annex any contiguous territory thereto, lying in the same county, it shall be lawful for the council to submit the question to the qualified electors at least one month before the annual election."

The statutes contain no other section with reference to the proceedings for the annexation of outlying territory on the motion of the corporation; and it must be presumed that the provisions of this section were intended to comprise complete regulations for such annexation, and such con-

struction should be placed upon it, if possible, as will give it that effect.

The controversy in this cause is as to the construction of the clause, " it shall be lawful for the council to submit the question to the qualified electors at least one month before the annual election." Its meaning, as the appellant contends, is that the question shall be submitted to the qualified electors at an election held at least one month before the annual election·; but, as the appellee contends, that the council shall make an order, at least a month before the annual election, for the submission of the question at that election. So the question is, does the term "submitting the question" have reference to the act of the council in referring the the question to the voters, or in taking the sense of the voters upon the question referred. If the former is its signification, the fact that the statute fixes the time when the council shall act by reference to the annual election, without providing any other means of taking the sense of the voters, would imply that it was to be done at the annual election with the machinery there employed. And while this section contains no express provision for giving notice of the election, none was necessary; for if the ordinance directing the submission is passed more than thirty days before the annual election, notice of it is given by its publication in the manner that all ordinances are required to be published; and notice of the election is given under the statute regulating the holding of annual elections. But if the terms signify the act of taking the sense of the electors, then there is no provision regulating the act of the council in ordering the submission, or in giving notice of or holding the election, except that it shall be held at least one month prior to the annual election. Obviously a special election would be necessary; but this section makes no provision for a special election and none other to which we are referred meets the case. There is no general provision authorizing the council to order special elections, except such elections as the general incorporation act authorizes. It seems that

wherever a special election was contemplated, there is a special provision authorizing it; and in cases where there is no special provision authorizing such elections, there is no general provision authorizing the council to order them and no provision regulating them. Mansf. Dig., secs. 904–930. So that if we accept the former signification of the section under consideration, it, in connection with others of general application, provides a complete set of regulations for ordering the submission and holding the election; while, if we accept the latter, the section is sadly defective and incomplete, for it makes no provision for ordering the submission, and none for holding the election, except that it shall be held at least one month before the annual election.

It is argued by the appellant that the legislature intended to take the sense of the electors upon the question of corporate extension at a time when their minds would be free to consider it upon its merits, uninfluenced by party or personal feeling usually attendant upon an annual election. How far that policy should have influenced the legislature we can not determine; that it was not considered seems probable from the fact that there is nothing upon appellant's theory to prevent holding the election on the question of annexation at the time when the national, State or county elections are held—elections no freer from personal or party feeling than the annual town elections. Our conclusion is that the term has reference to the act of the council in authorizing the vote upon the question and not to the act of taking the vote or holding the election.

**2. Judgment on former appeal is *res judicata*.** II. The second ground relied upon by the appellants was adjudged against them upon the former appeal in this cause. The question had been previously ruled by this court, and we accepted the conclusion as correct; but if it now appeared to be erroneous we could not review the questions adjudged upon a former appeal in this case.

**3. Right of city attorney to amend petition.** III. Section 786 of Mansfield's Digest, as construed by this court in *Foreman* v. *Marianna*, 43 Ark., 325, and in this case upon the former appeal, provides that the court, for-

merly the board of supervisors, may in its discretion permit the attorney in charge of the annexation proceeding to amend the petition by excluding parts of the territory embraced therein. It is now insisted that such amendment can be made only by authority of an ordinance passed by the council. But we think the statute empowers the attorney to make the amendment without any express authority, by ordinance or resolution, from the council. When the council delegates to the attorney the power to prosecute the petition, it acts with reference to the statute, and impliedly authorizes him to make such amendments as are contemplated by the statute. The council, by virtue of its absolute control of the petition, may doubtless direct its attorney to press the prayer of the original petition and to make no amendment; but in the absence of special direction he may obtain leave to make the amendments indicated by the statute whenever he finds it to be necessary to effect right and justice and conform the petition to their ends. The attorney has no arbitrary power to leave out territory that should be included, but is only authorized to make such amendments as he deems and the court shall find right and proper. The voters cannot complain that the territory annexed is not that voted for; they knew, when they voted, the power vested by law in the attorney; and by their votes for annexation intrusted to him its exercise. His acts in this case met the approval of the court below, and there is no complaint that he abused his powers.

We presume, without a showing to the contrary, that the court properly exercised its discretion in permitting the amendments, and its action in that regard cannot be disturbed.

IV. The last contention is that the judgment is wrong because it brings within the city two hundred and forty acres of the lands of Ratcliffe and others. The court might have found from the testimony of Ratcliffe and the agreed state of facts that a part of this land represented the city's growth outside of its limits; and from the testimony of

4. Annexation of agricultural land.

Adams that all the land derived its value from actual or prospective use for town purposes. Upon such finding of facts, the court might have concluded, under the rule established in Vestal's case, that it was right and proper to annex it. Nor does it matter that a considerable part of the land is at present used for agriculture ; as its value is derived from its prospective town use, and not from its present country use, it might be properly included within the city. This is not the case where the value of the use of lands for agriculture is enhanced by proximity to town ; but where the enhancement arises from prospective town uses. Adams' testimony is corroborated by the agreed statement that the land is worth $300 and upwards per acre, and that the improvements of the town have extended to and in fact penetrated or spread over the land. We find no error in the court's action in this behalf.

It was conceded in the argument that the evidence sustained the finding as to other controverted matters ; and we have deemed it unnecessary to inquire into them.

Finding no error the judgment is affirmed.