## WOODRUFF *v.* EUREKA SPRINGS.

Decided March 26, 1892.

1. *Municipal ordinance—Annexation.*

> A municipal ordinance which provides for the submission to the electors of the question of annexation of certain described territory is not invalid by reason of the fact that it omits a recital that the territory is contiguous, since it is the fact, and not the recital, of contiguity which authorizes the council to act.

2. *Annexation—Waterworks.*

> Whether a city may annex contiguous territory for the purpose solely of establishing, maintaining and preserving waterworks upon it—*quære.*

3. *Annexation—Amendment of petition.*

> Where the trial court finds that it is not proper to annex all the land described in the petition for annexation, it cannot order that a part only be annexed, without an amendment of the petition and an opportunity to remonstrants to show that, if part of the land were excluded from the petition, it would not be right to grant the prayer as to the residue.

APPEAL from *Carroll* Circuit Court, Eastern district. E. S. McDANIEL, Judge.

This was a proceeding to annex the same territory involved in the associated case of *Eureka Springs* v. *Woodruff, ante,* p. 616. More than a month prior to the annual election for city officers in 1891, the city council of Eureka Springs passed an ordinance for submission of the question of annexation of the territory to the vote of the electors. The vote being favorable, a petition was presented to the county court which was contested by the remonstrants, Woodruff and others, upon the grounds that the ordinance did not show that the territory sought to be annexed was contiguous, that the matter in the petition had been heretofore adjudicated, and that the land proposed to be annexed was not needed for city purposes.

The territory is properly described in the ordinance, but there is no recital that it is contiguous to the city. The evidence establishes that it has no utility or value except that which it has by reason of its proximity to the city. It was also shown that it is necessary that it should be brought

within the city limits, to enable the city to establish and maintain a system of water-works and sewerage; that this. land is adjacent to the city limits; that a number of good springs of water are located on it; that these will be needed by the city to furnish a water supply; that, to preserve the purity of the water, it is necessary for the city to have control of the water sheds which constitute the basin in which these springs are located; and that the property sought to be annexed is only such lands as are necessary for this purpose.

The county court upon the hearing granted the prayer of petitioners and ordered the lands annexed, from which judgment the remonstrants appealed to the circuit court. Upon a trial anew that court found that the annexation of a portion of the lands proposed was improper, but granted the prayer of petitioners as to part and made an order annexing that part. Remonstrants have appealed.

*J. M. Pittman* for appellant.

1. The meaning of section 922, Mansfield's Digest, is that the council shall make an order, at least a month before the annual election, for the submission of the question at that election.

2. The lands are not alleged to be contiguous to the city, nor does the ordinance show them to be contiguous.

3. The lands were not such as were proper to be annexed. Under section 753 Mansf. Dig., the city has jurisdiction for five miles. A small portion only is adapted to building purposes, and unfit for city purposes.

4. The court erred in annexing a part and refusing to annex a part of the lands. The petition was not amended, and the court must pass upon the petition as a whole, and grant it or refuse it as a whole. 54 Ark., 329.

*G. J. Crump* and *W. S. McCain* for appellee.

1. The clear meaning of sec. 922 Mansfield's Digest, is that the matter of annexation shall be *submitted* to the qualified electors at an election held at least one month be-

fore the annual election. See Const., art. 16, sec. 22, and schedule, sec. 3.

2.   The territory was needed in constructing and maintaining a system of waterworks and sewerage for the city. 54. Ark., 321 ; Dillon, Mun. Corp., sec. 143.

3.   These lands depend exclusively on the city for their value. They are unfit for cultivation and by reason of their proximity are adaptable for town uses, etc.   54 Ark., 321.

HEMINGWAY, J.   As decided in *Vogel* v. *Little Rock*, *ante* p. 609, the question of annexation was properly submitted by the council, more than a month before the annual election, to be voted on at that election.

1. Validity of ordinance providing for annexation.  If the land to be annexed was contiguous to the city and was properly described in the ordinance submitting the question to the voters, it was not invalid by reason of the fact that it omitted a recital that it was contiguous. The fact, and not the recital, of contiguity authorizes the council to act, and where the fact exists there is nothing that requires that it appear by a recital upon the records of the council. The council acts in a legislative and not in a judicial capacity, and the rules which require that the jurisdiction of inferior courts shall appear of record are not applicable. It is conceded that the lands were properly described; if so, the fact that they were contiguous to the city might have been ascertained from an inspection of the ordinance by those interested in inquiring.

We think the court was warranted in finding that it was right and proper to annex the lands ordered to be annexed, under rules established by this court in *Vestal* v. *Little Rock*, 54 Ark., 321. It appears to have had but little value for country uses and to have had great value for prospective city uses, and was therefore proper for annexation.

2. Right to annex territory for waterworks.  It appears that the city has authority by law to establish waterworks as far without its limits as the land in controversy, and to enforce the necessary police regulations for protecting the works and water (Mansf. Dig., sec. 753); it is

doubtful, therefore, whether upon the evidence annexation could be justified upon the ground alone that the city desired to establish, maintain and preserve waterworks upon it. But as we find that there is another ground to warrant it, we deem it unnecessary to decide this point now.

The court found that it was not right and proper to annex all the land described in the petition, and ordered that a part only be annexed. There was no amendment of the petition and no opportunity given the remonstrants to show that, if part of the land were excluded from the petition, it would not be right to grant the prayer as to the residue. As ruled in the opinion filed upon a motion to modify the decree in Vestal's' case, the attorney for the petitioner may, upon leave of the court, amend the petition so as to exclude a part of the land. But the court has no right to amend the petition upon its own motion nor to authorize the attorney to do so except upon terms that permit the remonstrants to be fairly heard upon the petition as amended. Our views are expressed in the opinion above referred to, and, for the reasons there stated, we think the court erred in its judgment in this case.

The judgment will be reversed, and the cause remanded with directions to permit the petitioner to make such amendments as may be necessary to exclude the land not deemed proper for annexation and to permit remonstrants to resist the petition as amended.

3. Practice as to amending petition for annexation.