GUNTER *v*. FAYETTEVILLE.

Opinion delivered May 16, 1892.

*Municipal corporation—Annexation—Notice.*

> An order of the county court annexing territory to a city upon its petition is erroneous where notice of the time and place of hearing was not given, as required by sec. 785, Mansf. Dig., notwithstanding a majority of the property holders in the territory sought to be annexed appeared at the hearing.

Appeal from Washington Circuit Court.

EDWARD S. McDANIEL, Judge.

Proceeding by the city of Fayetteville to annex certain contiguous territory. No notice of the time and place of hearing in the county court was given, as required by sec. 785, Mansf. Dig., but T. M. Gunter and others, comprising a majority of the property owners, appeared and remonstrated against the annexation. The petition was granted in the county court; on appeal to the circuit court the judgment was affirmed. Remonstrants have appealed.

*B. R. Davidson* for appellant.

No notice was given in accordance with the requirements of the law. Nor was the want of notice waived by the appearance of remonstrants. But there were some property owners who did not appear at all.

*F. M. Goar* for appellee.

Notice of time and place was duly given. The ordinance was valid. All objections to the notice were waived by appearance.

COCKRILL, C. J. When a city has taken the necessary steps to entitle it to present its petition to the county court for the annexation of contiguous territory, and a time has been fixed by the county court to hear

the petition, public notice must be given of the intended move. That is a requirement of the statute. Mansf. Dig. 785, 922. The notice must be published in a newspaper or posted as the statute specifies. *Id.* 785. The object of the notice is to give all persons interested the opportunity to contest the petition to annex. *Vestal v. Little Rock*, 54 Ark. 323.

The provisions of the statute show that the right to be heard to remonstrate against the prayer of the petition is guarantied to every person in interest. But, without notice of the annexation proceedings, there is no opportunity to be heard. Statutory warning of the intended application is therefore a condition precedent to the power of the county court to annex the territory, whether the court shall be said to act in an administrative or judicial capacity. *Shumway* v. *Bennett*, 29 Mich. 451.

In this case it is not shown that notice of the proceeding was given in either of the modes provided by statute, but a majority of the property holders in the territory to be annexed appeared on the day fixed by the court for a hearing and contested the prayer of the petition. The questions were determined adversely to them in the county court and again on appeal in the circuit court, and they have prosecuted their appeal to this court.

The statute probably did not contemplate the allowance of an appeal in this class of cases, for the legislation is borrowed from States where the acts prescribed to be performed by the county court in our act are administrative purely, and where no appeal is allowed. But the right to appeal has been found elsewhere, and is established by the decisions of this court. *Dodson* v. *Fort Smith*, 33 Ark. 508; *Foreman* v. *Marianna*, 43 *ib.* 324; *Vestal* v. *Little Rock*, 54 Ark. *sup.*

It is argued that the want of notice in this case is

cured by the appearance of remonstrants. If all who have the right to remonstrate had appeared, the argument would be unanswerable, for appearance is a waiver of notice. But the record shows that some of those whose lands lie in the territory sought to be annexed did not appear. They were interested and were entitled to notice. Whether residents and tax-payers of the city who voted against annexation are also persons in interest who are entitled to remonstrate, it is not necessary to decide, because the appearance of a part of the landowners of the coveted territory did not waive any right of others similarly interested who did not appear. The most that could be claimed, in an ordinary. suit between litigants under like circumstances, would be that the judgment should be affirmed only as to those who appeared. But this class of cases is anomalous—the court · acts upon the territory as a whole, without the power of dividing it or of severing any part. *Vestal* v. *Little Rock*, 54 Ark. *sup.*

According to the case last cited, if it does not appear that the territory as a whole should be annexed, it is error to annex any part of it. No case is made by the city on this record against the land owners in the tract desired to be annexed who did not appear, for they have not waived notice, and without notice there was no power to annex their lands to the city. No part of the territory therefore can be annexed until it is shown that the proper notice has been given.

The questions as to the proof necessary to authorize annexation, and the right to amend the petition in order to cut off territory described in the petition when that becomes necessary, are bountifully treated in the cases of *Vestal* v. *Little Rock*, 54 Ark. *sup.*; *Vogel* v. *Little Rock*, 55 Ark. 609, and *Woodruff* v. *Eureka Springs*, 55 Ark. 618.

Reverse and remand for further proceedings.