BROWN *v.* PEACH ORCHARD.

Opinion delivered January 28, 1924.

1. APPEAL AND ERROR—CONCLUSIVENESS OF COURT'S FINDING.—The finding of the circuit court sitting as a jury will not be disturbed on appeal if supported by any substantial evidence.

2. MUNICIPAL CORPORATIONS—ANNEXATION OF TERRITORY—EVIDENCE. —In a proceeding by a municipality to annex territory, evidence *held* to sustain a finding that the territory was needed for town purposes.

3. SCHOOLS AND SCHOOL DISTRICTS.—Acts 1919, p. 177, creating county boards of education and vesting them with jurisdiction to change the boundaries of school districts, neither expressly nor impliedly repealed act No. 312 of 1909, which provided that "when the limits of the city or town are extended so as to include territory not before within the school district, all of said new territory in the city or town becomes a part of special district of said city or town."

Appeal from Clay Circuit Court, Western District; *W. W. Bandy,* Judge; affirmed.

*F. G. Taylor,* for appellants.

1. Under the evidence the petitioner has failed to make a showing sufficient to entitle it to annex the territory described in the petition, but the land sought to be annexed is shown to be farm and timber land, not necessary for any purpose to the town. 54 Ark. 321.

2. The court erred in holding that it had jurisdiction to change the boundaries of school districts by annexing territory to an incorporated town constituting a separate special school district, and which would necessarily change boundary lines of school districts. The act of

1919 places the jurisdiction to establish new districts and change the boundaries of school districts then existing exclusively in the county board of education. 153 Ark. 50; *Id.* 188; 159 Ark. 438.

*C. T. Bloodworth,* for appellee.

1. The evidence does not sustain appellant's contention that the land sought to be annexed is farm and timber land. Part of it, it is true, is farm and timber land, but Brown's own testimony shows that there are two additions laid out and platted in this territory; and all the witnesses agree that it will be a benefit even to the farm and timber land and to the entire community, to annex it. 54 Ark. 321.

2. An incorporated town or city has the right to annex contiguous territory, making same a part of the school district of the municipality. 111 Ark. 379.

HUMPHREYS, J. A petition was filed by appellee in the county court of Clay County for the Western District to annex certain adjoining territory to it and thereby extend its corporate limits. The proceeding was regular in form, and proper notice thereof was given.

Remonstrances were filed by certain landowners and patrons of Rural School Districts Nos. 12 and 90, upon the ground that a part of the territory sought to be annexed to the incorporated town was embraced in said districts, and that the effect would be to enlarge the Special School District No. 88, which embraced the incorporated town only, and to decrease the revenues and patrons of the other school districts; also that the territory sought to be annexed was agricultural land.

The petition was granted in the county court, and on appeal to and hearing *de novo* in the circuit court a verdict and judgment was rendered annexing the territory, from which is this appeal.

Appellant first contends for a reversal of the judgment upon the alleged ground that the undisputed evi-

dence shows that the land sought to be annexed was exclusively agricultural, and not needed for town purposes. After a careful reading of the testimony we cannot place that interpretation upon it. The testimony was in conflict upon this issue. We are not called upon to determine the weight thereof, for the court sat as a jury, and its finding cannot be disturbed upon appeal, if supported by any substantial evidence. The record contains testimony to the effect that two additions to the town had been laid off on the lands sought to be annexed and that some improvements had been made upon them; also that streets of the town extended to and over the lands, which are needed by the town, and which would be improved and made passable if the territory was annexed; also that the health of the inhabitants of the town would be greatly benefited if the lands were annexed, so that they might be drained; also that the lands are needed for the purpose of making improvements. This testimony is substantial, and sufficient to support the verdict and judgment.

The next and last contention of appellant for a reversal of the judgment is that it was unlawful to annex the territory because the effect was to change the boundary lines between school districts. The insistence is made that, under the act of the Legislature of 1919 creating a county board of education, the exclusive jurisdiction to change the boundary lines of school districts was transferred from the county court to the county board of education. This statute was passed subsequent to act No. 312 of the Acts of the General Assembly of 1909, and did not, in express terms, repeal the former act. We do not think it did so by implication. It was provided by the former act that "when the lands of a city or town are extended so as to include territory not before within the school district, all of said new territory in the city or town becomes a part of special district of said city or town." The purpose of the latter act was to substitute county boards of education for the county court as a tri-

bunal to form local school districts, change district boundary lines, etc., and not to change or modify the act of 1909 authorizing the extension of town and city limits so as to embrace a part or all of the outlying school districts.

No error appearing, the judgment is affirmed.