PINE BLUFF *v.* MEAD.

Opinion delivered July 2, 1928.

*L. DeWoody Lyle* and *Jones & Hooker,* for appellant.
*E. W. Brockman,* for appellee.

SMITH, J. Upon a proper petition and after due notice and a majority vote of the electors, the county court of Jefferson County made an order annexing about three square miles of outlying and contiguous territory to the city of Pine Bluff. Certain owners of property in the territory affected, who made themselves parties to the proceeding, appealed to the circuit court, and, after the appeal had been perfected, several changes were made in the petition so as to exclude various portions of the proposed addition. It was permissible to do this, and the jurisdiction of the circuit court on the appeal was not affected thereby. *Vestal* v. *Little Rock,* 54 Ark. 328, 15 S. W. 891, 11 L. R. A. 778.

Conflicting testimony was heard upon the adaptability of the property included in the petition after the last of the amendments had been made, and the court made a finding of fact that a preponderance of the evidence showed that the city does not need the territory sought to be annexed; that there is much vacant property in the present city limits, and that much of that attempted to be taken in is unplatted and vacant, and that many acres of it are in woods, with no improvements.

The leading case in this State, and one frequently cited by the courts of other States on the conditions under which it is proper for the boundaries of a city or town to be extended to take in outlying and contiguous territory, is that of *Vestal* v. *Little Rock, supra.* Judge HEMINGWAY, for the court, there stated the correct rule to guide the courts in determining whether an application for annexation should be granted. He said:

"That city limits may reasonably and properly be extended so as to take in contiguous lands: (1) when they are platted and held for sale or use as town lots; (2) whether platted or not, if they are held to be brought on the market and sold as town property when they reach a value corresponding with the views of the owner; (3) when they furnish the abode for a densely-settled commu-

nity, or represent the actual growth of the town beyond its legal boundary; (4) when they are needed for any proper town purpose, as for the extension of its streets, or sewer, gas or water system, or to supply places for the abode or business of its residents, or for the extension of needed police regulation; and (5) when they are valuable by reason of their adaptability for prospective town uses; but the mere fact that their value is enhanced by reason of their nearness to the corporation would not give ground for their annexation, if it did not appear that such value was enhanced on account of their adaptability to town use.''

After stating affirmatively when the contiguous territory should be annexed, he further said:

''We conclude further that city limits should not be so extended as to take in contiguous lands: (1) when they are used only for purposes of agriculture or horticulture, and are valuable on account of such use; (2) when they are vacant and do not derive special value from their adaptability for city uses'' (citing authorities).

We think it unnecessary to set out or to review the testimony offered in support of and in opposition to the prayer of the petition for annexation. We are of the opinion that by far the greater part of the territory involved is shown, under the tests announced by Judge HEMINGWAY, by the great preponderance of the evidence, and much of it by the undisputed evidence, to be territory which should be annexed to the city. But, before we could reverse the finding and judgment of the circuit court, we would have to say that all of the land included in the petition was adapted to urban uses.

We do not interpret the court's finding as meaning that none of the land embraced in the petition was adapted to urban uses, but only that lands were included in the petition which should not have been, and, if that finding is supported by substantial testimony, we must affirm the judgment of the circuit court, which denied the prayer of the petition. *Brown* v. *Peach Orchard,* 162 Ark. 175, 257 S. W. 732.

812

There was testimony that a forty-acre tract of land owned by W. M. Simpson is unplatted and is used exclusively for agricultural purposes, and its present value is due to that use and is not attributable to its adaptability for urban purposes. Similar testimony was offered as to certain other tracts of land.

This testimony was not undisputed. On the contrary, the testimony on the part of the petitioners was to the effect that all this land was adapted to urban uses and derived its principal value from that fact. But we are required to affirm the judgment of the court below if it is supported by substantial testimony, and it is so supported.

In the Vestal case, *supra,* this court on the appeal held that most of the territory embraced in the annexation petition should properly have been annexed, including a forty-acre tract of land which was said to be vacant, low, flat, wet, and covered with timber, but the judgment of the circuit court which had affirmed the order of the county court annexing the unincorporated town of Argenta to the city of Little Rock, was reversed because another forty-acre tract of land was embraced in the annexation petition, and the court found that the owner of this land had no need of local government and the city had no need of his land.

A similar finding was made by the court below as to certain agricultural land included in the petition, and, as there is substantial testimony to support that finding, the judgment must be affirmed, and it is so ordered.