CITY OF NEWPORT *v.* OWENS.

4-8543                                     211 S. W. 2d 438

Opinion delivered May 17, 1948.

Rehearing denied June 14, 1948.

514

*Kaneaster Hodges,* for appellant.

*Pickens & Pickens,* for appellee.

ED. F. McFADDIN, Justice. This appeal is an effort by the City of Newport to annex certain territory. At the annual municipal election in 1947, the electors of the city voted in favor of annexing approximately 2,000 acres lying to the east and northeast of the city. A petition praying for such annexation was duly filed in the county court. Forty-five property owners residing in the territory proposed to be annexed, appeared as remonstrants. The city then amended its petition, and omitted approximately 1,000 acres in the extreme north of the territory originally described; so that the territory finally sought to be annexed amounted to approximately 960 acres. The county court granted the city's amended petition. Thereupon Ed Owens and 14 other property holders, in the remaining territory sought to be annexed, appealed to the circuit court, where the cause was tried *de novo,* as is the rule in such cases. The circuit court denied the city's petition for annexation of the territory; and this appeal challenges the circuit court judgment.

The city's procedure for annexation was in accordance with § 9501, Pope's Digest,[1] which is § 84 of Act 1 of 1875. This section has many times been before this court, some of the cases being: *Dodson* v. *Fort Smith*, 33 Ark. 508; *Foreman* v. *Marianna*, 43 Ark. 324; *Vestal* v. *Little Rock*, 54 Ark. 321, 15 S. W. 891, 16 S. W. 291, 11 L. R. A. 778; *Vogel* v. *Little Rock*, 54 Ark. 335, 15 S. W. 836; *Vogel* v. *Little Rock*, 55 Ark. 609, 19 S. W. 13; *Woodruff* v. *Eureka Springs*, 55 Ark. 618, 19 S. W. 15; *Gunter* v. *Fayetteville*, 56 Ark. 202, 19 S. W. 577; *Barnwell* v. *Gravette*, 87 Ark. 430, 112 S. W. 973; *Batesville* v. *Ball*, 100 Ark. 496, 140 S. W. 712, Ann. Cas. 1913C, 1317; *Fowler* v. *Ratterree*, 110 Ark. 8, 160 S. W. 893; *Brown* v. *Peach Orchard*, 162 Ark. 175, 257 S. W. 732; *Pine Bluff* v. *Mead*, 177 Ark. 809, 7 S. W. 2d 988; *Pike* v. *Stuttgart*, 200 Ark. 1010, 142 S. W. 2d 233; *Chastain* v. *Little Rock*, 208 Ark. 142, 185 S. W. 2d 95. With admirable frankness the appellant concedes—and correctly—that under the rule of our cases we must affirm the circuit court judgment if there be any substantial evidence to support the judgment. Some of the cases so holding are *Brown* v. *Peach Orchard*, *supra*, and *Pine Bluff* v. *Mead*, *supra*. Furthermore, appellant also concedes—and correctly— that if substantial evidence shows that any material portion of the proposed territory should not be annexed, then the circuit court judgment must be affirmed. *Vestal* v. *Little Rock*, *supra*, and *Pine Bluff* v. *Mead*, *supra*, so hold.

In *Vestal* v. *Little Rock*, *supra*, Mr. Justice HEMINGWAY, speaking for the court, gave what has come to be the standard test as to when contiguous territory should be annexed:

"That city limits may reasonably and properly be extended so as to take in contiguous lands, (1) when they are platted and held for sale or use as town lots, (2) whether platted or not, if they are held to be brought on the market and sold as town property when they reach a value corresponding with the views of the owner, (3) when they furnish the abode for a densely-settled

[1] This section is found in 2 Ark. Stats. § 19-307.

community, or represent the actual growth of the town beyond its legal boundary, (4) when they are needed for any proper town purpose, as for the extension of its streets, or sewer, gas or water system, or to supply places for the abode of business of its residents, or for the extension of needed police regulation, and (5) when they are valuable by reason of their adaptability for prospective town uses; but the mere fact that their value is enhanced by reason of their nearness to the corporation, would not give ground for their annexation, if it did not appear that such value was enhanced on account of their adaptability to town use.

"We conclude further that city limits should not be so extended as to take in contiguous lands, (1) when they are used only for purposes of agriculture or horticulture, and are valuable on account of such use, (2) when they are vacant and do not derive special value from their adaptability for city uses."[2]

The question here is not what we would decide if we were trying the case on the preponderance of the evidence. Rather, the issue here is, whether there was any substantial evidence that any material part of the proposed territory should not be annexed. The answer to that question necessitates only a partial review of the evidence.

A considerable portion of the evidence was directed to that portion of the territory referred to as Lakeview Addition; and the evidence preponderates in favor of its annexation. But a tract of approximately ninety acres, lying in the northern part of the territory proposed to be annexed, was shown to be agricultural. One of appellant's witnesses spoke of these lands as "farm lands here in the south part of Section 1." Another witness for appellant said: "That is good agricultural land." Still a third witness said: "That is cultivated land at this time . . . some cotton out there and some soy beans, maybe. Part of it is pretty good land. Down at this end of it is white land, land that doesn't produce a whole lot." There was testimony seeking to bring this

[2] This quotation is given as the general rule in 37 Am. Juris. 644.

agricultural land within the rule announced in *Vogel* v. *Little Rock,* 55 Ark. 609, 19 S. W. 13; and, if the circuit court had included this land, there would have been substantial evidence to support such holding. There was substantial evidence, however, that this agricultural land, of approximately 90 acres, does not fulfill the test for annexation as stated by Justice HEMINGWAY, to-wit:

"We conclude further that city limits should not be so extended as to take in contiguous lands, (1) when they are used only for purposes of agriculture or horticulture, and are valuable on account of such use, (2) when they are vacant and do not derive special value from their adaptability for city uses."

It follows therefore that there is substantial evidence in the record going to show that a material portion of the land sought to be annexed—*i. e.,* the 90 acres—should not be annexed; and because of that evidence and the cases heretofore cited, we must affirm the circuit court judgment.