CITY OF LITTLE ROCK *v.* FINDLEY.

5-507                                        272 S. W. 2d 823

Opinion delivered November 29, 1954.

O. D. *Longstreth, Jr., Dave E. Witt* and *Joseph Brooks,* for appellant.

*Martin, Dodds & Kidd,* for appellee.

GEORGE ROSE SMITH, J.   This is a proceeding by the City of Little Rock for the annexation of 4.6 square miles of territory lying south and west of the present city limits.  Ark. Stats., 1947, § 19-307.  The proposal having been approved by the municipal electorate, the city's petition for annexation was granted by the county court. Upon appeal by the remonstrants, however, the annexation order was set aside after a trial *de novo* in the circuit court.

In this court the appellees have filed a motion to dismiss the appeal, upon the ground that the city, after the circuit court's denial of annexation, actually annexed part of the territory in question by accepting landowners' petitions for that step.  Ark. Stats., §§ 19-301, *et seq.* The appellees' theory seems to be that the city's volun-

tary acceptance of part of the proposed addition is inconsistent with its present attempt to annex the whole by force. We find it unnecessary to rule upon this motion, for the judgment must in any event be affirmed on its merits.

The law governing appellate review in cases of this kind has been settled for many years. It is our duty to affirm the circuit court's judgment if it is supported by substantial evidence. *Brown* v. *Peach Orchard,* 162 Ark. 175, 257 S. W. 732; *Burton* v. *City of Fort Smith,* 214 Ark. 516, 216 S. W. 2d 884. Moreover, a petition like this one is properly rejected if only a part of the contemplated addition fails to meet the requirements for inclusion within the municipality; the impropriety need not extend to the whole of the territory sought. *Vestal* v. *Little Rock,* 54 Ark. 321, 15 S. W. 891, 16 S. W. 291, 11 L. R. A. 778. In view of these principles we may limit our discussion of the extensive record to that portion of the testimony which pertains to certain acreage which the circuit court found to be unsuitable for urban development.

Fourche Creek crosses the southeast corner of the suggested addition to the city. The lowlands bordering this stream are overflowed at intervals, so that a strip about a half mile in width is described in the record as a swamp and as submarginal land. The area subject to inundation is variously estimated at from 120 to 300 acres. Owing to recurrent floods these lands cannot be cultivated; they are used as pastures, from which cattle must retreat in times of high water.

Whether this swampy territory is fairly susceptible of urban use is a sharply disputed issue of fact. The city's proof tends to show that hazardous traffic conditions along the neighboring Little Rock-Benton highway can be kept from arising only if the entire vicinity is zoned with a view to preventing congestion on the access roads emanating from the area in question. Again, it is said that the Fourche lowlands present a health and sanitation problem that must ultimately be solved by the

city, and that solution cannot be undertaken until the area is subjected to municipal control. Finally, it is suggested that, since a city is permitted to annex contiguous territory only, these bottoms will eventually have to be absorbed by the city as it pursues its logical expansion toward the community of Geyer Springs on the far side of Fourche Creek.

The city's proof is persuasive; it may well be that the evidence preponderates in the appellant's favor. But the issue is that of substantial evidence—whether fair-minded men would say that there is no proof to support the findings of the circuit court, which heard the testimony firsthand. We certainly cannot say that the record is so one-sided as to require a reversal of the order appealed from. The subjugation of Fourche Creek and the reclamation of its riparian lands are long-range undertakings for which the city is not now financially ready, nor is it likely to be for some years to come. The traffic and health hazards stressed by the city may follow rather than precede the actual fact of municipal acquisition of this territory. Much of the 4.6 square miles now sought by Little Rock is doubtless ripe for inclusion in the city limits, but it cannot be said that the trial court was wrong in thinking that a substantial part of these 2,944 acres do not meet the tests laid down in the leading *Vestal* case, *supra*.

In its brief the city complains that the trial court did not designate the exact territory that should not have been included in the petition. We infer that this information is desired as a guide for future efforts to extend the city limits. Apart from the fact that the law does not require the circuit court to outline its decision by metes and bounds—an undertaking which this voluminous record would render difficult—we do not see that such a precise judgment would be of much value to the city. New attempts at annexation will unavoidably involve new parties and new issues, so that the prior judgment would not be *res judicata*.

Affirmed.

McFADDIN, J., thinks the motion to dismiss the appeal should be granted.

ED. F. McFADDIN, Justice (concurring). In this Court, appellees have filed a motion to dismiss the appeal; and by proper methods have shown certain facts transpiring since the Circuit Court judgment. Because of such facts I think the appeal of Little Rock should be dismissed: Little Rock has acted under and pursuant to the Circuit Court order denying annexation, and therefore cannot prosecute this appeal.

The Circuit Court order denying annexation was on November 17, 1953. Thereafter certain property owners in a portion of the area affected petitioned the County Court to annex their lands to the City of Little Rock. The County Court made the order of annexation; and the City Council of Little Rock, by Ordinance No. 9478 (passed and approved February 15, 1954), duly accepted the property. All this was in accordance with §§ 19-301 *et seq.*, Ark. Stats.

This territory described in the Ordinance No. 9478 and actually annexed by the City on February 15, 1954, embraces a substantial portion[1] of the territory that was contained in the original annexation case now involved in this appeal. In short, when the Circuit Court made its order of November 17, 1953, denying annexation, the City of Little Rock and some of the property owners in the area affected undertook to accomplish annexation by a method other than the original procedure; and they have now accomplished such annexation of a substantial portion of the territory. I think this is entirely inconsistent with the prosecution of the appeal.

If the Circuit Court order denying annexation should be erroneous, then the territory involved should be an-

---

[1] By the Ordinance of February 15, 1954, Little Rock has annexed: the eighty acres upon which the Little Rock Junior College is situated; the approximately eighty acres consisting of the Methodist Children's Home lying immediately north of the Junior College campus; and the Broadmoor Addition lying west of Hayes Street and immediately west of the Little Rock Junior College campus. All of this property is within the area originally sought to be annexed.

nexed *in toto*. If the Circuit Court order denying annexation should be correct, then none of the territory involved should be annexed. Yet the City of Little Rock has actually, since the denial of the annexation by the Circuit Court, annexed a substantial portion of the territory involved. The City, by deciding to "take half the apple," has thereby lost its right to claim that it was entitled to the "whole apple." So I think the appeal should be dismissed, without ever reaching the merits of the case.