ROOKER *v.* CITY OF LITTLE ROCK.

5-2547                                          352 S. W. 2d 172

Opinion delivered December 18, 1961.

[Rehearing denied January 15, 1962.]

*Martin, Dodds & Kidd,* for appellant.

*Joseph C. Kemp,* City Attorney, by *Wm. M. Stocks,* Asst. City Attorney, for appellee.

SAM ROBINSON, Associate Justice.   This is an appeal by W. S. Rooker and others from an order of the Pulaski

Circuit Court entered on February 2, 1961, annexing 17.8 square miles to the City of Little Rock.

The annexation proceeding was instituted pursuant to Ark. Stats. § 19-101. An ordinance was passed by the City whereby the question of annexation was submitted to the qualified legal voters at the general election of 1959. The measure called for an addition to the City of 22.2 square miles, specifically excluding three small plots of land completely surrounded, thus creating enclaves of unincorporated land within that sought to be added to the municipality. The reason for the exclusion of these plots was to permit the location thereon of branch banks without offending Ark. Stats. § 67-319. A majority of the qualified voters of the City approved the measure, and the City on November 12, 1959, filed with the Pulaski County Court its petition of annexation.

A public hearing on the matter was set by the county court for December 15, 1959, and on that day a number of persons, including the appellants herein, appeared and filed written objections to the annexation. Subsequently the City, with the permission of the court, filed an amendment to their petition which created two additional exclusions or enclaves, added a small amount of territory to the extreme northwest corner of the land sought to be annexed by the original petition, and reduced the territory to be added to the City from 22.2 to 17.8 square miles. A hearing on the amended petition was had on February 12, 1960, and on that date the county court entered an order approving the petition as amended.

The appellants duly perfected an appeal of the county court's order to the Circuit Court of Pulaski County, Second Division. While the matter was pending in the circuit court the City made amendments two and three to their original petition. The second amendment was identical to the first made in the county court, except that the small acreage in the northwest corner added by the first amendment was deleted. The third amendment was made for the purpose of clarifying a possible ambiguity in the description of the land contained in the

original petition. The third amendment, however, neither added to nor reduced the territory set forth by the original petition as modified by amendment two. On February 2, 1961, the circuit court entered an order approving the petition of annexation as amended.

First, the appellants claim that the ordinance passed by the City submitting the question of annexation to the voters is void as violating Ark. Stats. § 19-2402, prohibiting an ordinance from containing more than one subject, which shall be clearly expressed in its title. The reasoning employed by the appellants is that the ordinance had a dual purpose, the first being to annex land to the City and the second to exclude certain land from the annexation in order to favor local banks which might maintain branch offices on the excluded land. It is true that the description of the land placed on the ballot and proposed to be annexed by the City contained three small enclaves, completely surrounded by land of the proposed annexation. However, the record reflects that the parties stipulated in the circuit court that the ordinance "was legally submitted to a vote of the qualified electors of the City of Little Rock . . ." The appellants cannot in one breath stipulate that the ordinance is valid and in the next assert that it is invalid. They are bound by their stipulation that the ordinance is valid and cannot now assert its invalidity.

Appellants contend that the ordinance passed by the City which proposed the annexation is void as conflicting with Amendment 14 to the Arkansas Constitution, which forbids the passage by the General Assembly of local legislation. They reason that since the power of a municipal corporation to extend its borders is derived from the legislature, the City also has the restrictions of Amendment 14 placed upon it; that the City by carving out certain enclaves in the territory annexed has conferred a special favor upon the local banks, and therefore the ordinance is forbidden by Amendment 14.

This argument is unsound for the reason that Amendment 14 is a restriction on the General Assembly

and not on the municipal corporations of the state. Of course, it is not inconceivable that a city within the state might pass an ordinance which would so unreasonably and arbitrarily affect certain persons, their rights or their property, as to be unconstitutional. If so, the ordinance might be attacked in the courts on constitutional grounds, but certainly not on the basis of Amendment 14.

The appellants assert that the circuit court was without jurisdiction to hear this case because at the time the City passed its ordinance of annexation which is the subject of the present litigation, there was an appeal pending in the Pulaski Circuit Court from an order of the Pulaski County Court denying annexation of identically the same territory. We need not consider the merit of the assertion because appellants introduced no evidence in support thereof, and neither this Court nor the circuit courts will take judicial notice of such a matter. *Adams* v. *Billingsley,* 107 Ark. 38, 153 S. W. 1105; *Parker* v. *Sims,* 185 Ark. 1111, 51 S. W. 2d 517.

Appellants' next contention is that appellee's first amendment to its original petition made in the county court added territory to that described in the original petition, and for that reason the circuit court's order annexing territory described in the third amended petition should be reversed.

It is true that the amendment allowed in the county court was void as being in excess of the jurisdiction of the court. Ark. Stats. § 19-102 provides that ". . . no amendment shall be permitted [by the county court], whereby territory not before embraced [by the original petition] shall be permitted. . . ." As was said in *Grayson* v. *Arrington,* 225 Ark. 922, 286 S. W. 2d 501: "Where the court . . . is exercising special statutory powers, the measure of its authority is the statute itself; and a judgment or order in excess of the power thereby conferred is null and void."

It must be borne in mind, however, that the appellants herein took the present case from the county court to the circuit court by direct appeal. Article 7, § 33 of

the Arkansas Constitution provides "appeals from all judgments of the county courts . . . may be taken to the circuit court. . . ." Ark. Stats. § 27-2006 states that "the circuit court shall proceed to try all such appeals [from the county court] de novo. . . ." Upon trial de novo in the circuit court the court has jurisdiction of the subject matter for final judgment, to the same extent as though original jurisdiction had been in the circuit court. Ark. Stats. § 27-2007; *Batesville* v. *Ball,* 100 Ark. 496, 140 S. W. 712. Thus it is apparent that the circuit court was clearly within the bounds of its authority when it disregarded the void amendment allowed by the county court and proceeded to hear this case on the original petition, as if it had been originally brought in the circuit court, and as if no amendment had been made at all in the county court.

On the date set by the circuit court for a hearing on the matter, the City filed amendment two to its original petition, which was identical to the first amendment made in the county court, with the exception of the small acreage in the northwest corner added by the first amendment, which was deleted. This brought the land sought to be annexed within the territorial limits of the original petition. Amendment three neither added to nor subtracted from the territory described in the original petition as modified by amendment two. The order of the circuit court in approving the original petition as modified by amendments two and three was proper.

The appellants allege that amendment one made in the county court was made by the appellee at the request of the county judge, a sort of condition precedent, so to speak, for the approval by the court to the annexation, but appellants offer no proof as to this allegation, and in the absence of evidence to the contrary we must assume, as we do, that the City acted at all times during this litigation in absolute good faith, and that through its agents it has honestly sought to carry out its public trust.

Appellants argue that the description in the third amended petition and the map filed therewith are inac-

curate and do not sufficiently identify the limits of the territory sought to be annexed. John P. Powers, a registered professional civil engineer, testified that the map is as accurate as it is humanly possible to show it, and that he could take the map and the description contained in the third amended petition and locate the proposed boundaries of the City on the ground. No witnesses were offered by the appellants to testify as to the alleged inaccuracy of the description and map. We think the circuit judge correctly found the map and the description to be sufficiently accurate. *Burton* v. *City of Fort Smith,* 214 Ark. 516, 216 S. W. 2d 884; *Marsh* v. *City of El Dorado,* 217 Ark. 838, 233 S. W. 2d 536.

Appellants urge that the City is not financially able to provide ordinary municipal services to the area in question, but offered no concrete evidence to support their conclusion. On the other hand, the City put in evidence the testimony of various city officials who testified as to the services which their departments could and would furnish to the area. The circuit court, apparently relying heavily upon the testimony of the city manager, who testified at length on the financial status of the City, specifically found that "the proof in this record does not arise to the point of persuasiveness to find that the City could not furnish the ordinary municipal services to the territory sought to be annexed, if the petition for annexation should be granted."

In *City of Little Rock* v. *Findley,* 224 Ark. 305, 272 S. W. 2d 823, it was said: "The law governing appellate review in cases of this kind has been settled for many years. It is our duty to affirm the circuit court's judgment if it is supported by substantial evidence." We think the rule set forth in the *Findley* case is applicable to the case at bar; there is substantial evidence to support the finding of the trial court regarding the financial ability of the City to furnish services to the territory proposed to be annexed.

The last point raised by the appellants is the assertion that by reason of the enclaves or "islands" of unin-

corporated land lying completely within that which is sought to be incorporated, the contiguity of the desired territory is destroyed, and therefore it cannot be annexed.

The exact question was before this Court in the recent case of *Mann* v. *City of Hot Springs,* 234 Ark. 9, 350 S. W. 2d 317, wherein two small plots of ground on which two branch banks were located were not included in the annexation. In footnote 3 of the *Mann* case it was stated that, "the exclusion of the two plots does not destroy the contiguity of the territory to be annexed." The statement is equally applicable in the present case, and the enclaves in the territory do not destroy its contiguity.

Affirmed.