MAHONE v. CITY OF ROGERS.

5-2598                          353 S. W. 2d 184

Opinion delivered January 29, 1962.

*Eugene Coffelt,* for appellant.

*Scott & Davidson,* for appellee.

ED. F. McFADDIN, Associate Justice. This appeal challenges the judgment of the Circuit Court which annexed certain lands to the City of Rogers. The City was proceeding under § 19-307 Ark. Stats., and such pro-

cedure was discussed in *City of Newport* v. *Owens,* 213 Ark. 513, 211 S. W. 2d 438; and also in *Burton* v. *Ft. Smith,* 214 Ark. 516, 216 S. W. 2d 884.

The petition for annexation was filed in the County Court, and from judgment in favor of the City, the appellants (as remonstrants) appealed to the Circuit Court. The Circuit Court judgment[1] granted the annexation; and the appellants, in appealing to this Court, have brought only a partial record which contains the pleadings (and exhibits), the judgments, and the notice of appeal. The appellants urge three points in this Court:

"1. The Petition was not filed as provided by Section 19-307, and section 19-101, 19-102 and 19-103 of the Arkansas statutes in that the lands to be annexed were not described in the Petition and no map or plat filed.

"2. The Court omitted lands described in the Notice and Ordinance without request to do so.

"3. The lands are not properly described."

There is no merit to the first point urged by the appellants, because the transcript which was filed in this

---

[1] The Circuit Court judgment recited, in part: ". . . and the Court, after hearing the evidence adduced by the City of Rogers and the remonstrants, both documentary and oral, and being well and sufficiently advised both as to law and as to fact, doth find:

"1. That on the 9th day of September, 1960, the City Council of the City of Rogers, adopted and passed Ordinance No. 434, providing for the annexation of certain lands, hereinafter described, and for submitting said ordinance to the qualified electors of the City of Rogers for approval.

"2. That on the 8th day of November, 1960, the qualified electors of the City of Rogers approved said annexation of lands hereinafter described by a vote of 1351 for annexation of 654 against annexation.

"3. That a petition for annexation was thereafter filed by the City of Rogers with the County Court of Benton County, Arkansas, and notice of hearing on said petition was duly published in the Rogers Daily News, a daily newspaper having a *bona fide* circulation in the County of Benton, for three (3) consecutive weeks as required by law.

"4. That the City of Rogers has caused a plat of the territory sought to be annexed to be filed as required by law, and that all of said territory is contiguous to the City of Rogers, Arkansas.

"5. That the following described property should be, and is hereby annexed to the City of Rogers, County of Benton, State of Arkansas to-wit: . . ."

The annexed property was duly described by section, township, and range, in the petition, the County Court order, and the Circuit Court order.

Court shows: (a) the Ordinance of the City submitting the issue to the voters, which Ordinance contains a description of the lands to be annexed; (b) the County Court order which contains a description of the annexed lands; (c) the Circuit Court order of annexation which contains a description of the lands annexed; and (d) the Circuit Court order which specifically recites: "(4) That the City of Rogers has caused a plat of the territory sought to be annexed to be filed as required by law and that all of said territory is contiguous to the City of Rogers, Arkansas." In disposing of the first point, we have likewise disposed of appellants' third point, since the lands are properly described, as we have just stated.

There is no merit to appellants' second point sought to be urged, which is that the Court omitted lands described in the notice and ordinance without request to do so. It appears in the County Court judgment that one tract sought to be annexed was excluded; this same tract was likewise excluded from the annexation order in the Circuit Court; and appellants insist that the Court could not, on its own motion, exclude a part of the property described in the petition for annexation. *Woodruff* v. *Eureka Springs,* 55 Ark. 618, 19 S. W. 15. In designating the record for appeal, the appellants designated only the pleadings, the judgment, and the notice of appeal, and did not file, at the time of designation, the points upon which they would rely for reversal, as required by Act No. 555 of 1953,[2] so appellee had no occasion or opportunity to bring into the record the other pleadings or rulings relating to the case.

Even though the amendatory pleading by the City of Rogers is not in the record before us, the orders show that such a pleading was filed. The County Court order of annexation, which is before us, shows that this tract was excluded from the County Court order of annexation; and the County Court order contains this recital:

[2] Section 27-2127.5 Ark. Stats. says in part: "If the appellant does not designate for inclusion the complete record and all the proceedings and evidence in the action, he shall serve with his designation a concise statement of the points on which he intends to rely on the appeal."

". . . that the petition as amended should be approved . . . that a plat showing the said boundaries as amended and showing the territory as embraced by the said boundaries, has been filed with the Court." Thus it is clear that in the County Court an amendment was filed to the petition for annexation. Since the only party that could have filed the petition and amendment was the City of Rogers (because we held in *Woodruff* v. *Eureka Springs, supra,* that the Court could not amend the petition on its own motion), we conclude that the City of Rogers amended the petition for annexation in the County Court by excluding one tract.

Finding no merit in the appeal, the judgment of the Circuit Court is in all things affirmed.