MARSH v. CITY OF EL DORADO.

4-9320                                   233 S. W. 2d 536

Opinion delivered October 30, 1950.

Rehearing denied November 27, 1950.

*Neill C. Marsh, Jr.,* and *Henry B. Whitley,* for appellant.

*Jabe Hoggard* and *Crumpler & O'Connor,* for appellee.

. Holt, J.   April 5, 1949, the electorate of the City of El Dorado, by proper procedure (Ark. Stats. 1947, § 19-307) voted to annex certain contiguous territory. 1,014 voted for annexation and 277 against.   Thereafter, August 17th, the City petitioned the County Court to make the order of annexation.   September 21st, appellants, as Remonstrants, appeared in the County Court, and after a hearing, the Court denied the City's petition for annexation.   On appeal by the City to the Circuit Court, there was a finding in favor of annexation in accordance with the City's petition, and judgment accordingly.

This appeal followed.

For reversal, appellants first contend that the burden of proof was on the City of El Dorado and that the evidence was not sufficient to support the judgment.

The rule is well settled since the early case of *Dodson et al.* v. *Mayor and Town Council, Fort Smith,* 33 Ark. 508, that the vote of the municipality makes a *prima facie* case as to the propriety of annexations.   There, this court said: "By force of the statute the annexation follows the vote of the city, and the proper formal steps prescribed to be taken in the County Court, unless there be a complaint filed against it and sustained.   The vote of the town makes a *prima facie* case as to the propriety of the annexation.   The *onus* of showing cause against it sufficient to satisfy the judgment of the County Judge, was upon the remonstrants."

This holding has been consistently followed by this Court.   *Walker* v. *City of Pine Bluff,* 214 Ark. 127, 214 S. W. 2d 510; *Burton* v. *City of Fort Smith,* 214 Ark. 516, 216 S. W. 2d 884; *City of Newport* v. *Owens,* 213 Ark. 513, 211 S. W. 2d 438.

We have also consistently held that the findings of the Circuit Court, on appeal, in annexation cases, have the same weight as the verdict of a jury and therefore we must affirm the Court's judgment if we find any substantial evidence in support thereof, *Walker* v. *City of Pine Bluff,* and other cases above.

The correct rule in determining whether contiguous territory should be annexed was clearly set forth in *Vestal* v. *Little Rock,* 54 Ark. 321, 15 S. W. 891, 16 S. W. 291, in this language: "That city limits may reasonably and properly be extended so as to take in contiguous lands, (1) when they are platted and held for sale or use as town lots, (2) whether platted or not, if they are held to be brought on the market and sold as town property when they reach a value corresponding with the views of the owner, (3) when they furnish the abode for a densely-settled community, or represent the actual growth of the town beyond its legal boundary, (4) when they are needed for any proper town purpose, as for the extension of its streets, or sewer, gas or water systems, or to supply places for the abode or business of its residents, or for the extension of needed police regulation, and (5) when they are valuable by reason of their adaptability for prospective town uses; but the mere fact that their value is enhanced by reason of their nearness to the corporation, would not give ground for their annexation, if it did not appear that such value was enhanced on account of their adaptability to town use.

"2. We conclude further that city limits should not be so extended as to take in contiguous lands, (1) when they are used only for purposes of agriculture or horticulture, and are valuable on account of such use, (2) when they are vacant and do not derive special value from their adaptability for city uses."

We have never deviated from this rule in subsequent opinions. See *City of Newport* v. *Owens* and *Walker* v. *City of Pine Bluff, supra.*

The Circuit Court, after hearing a large number of witnesses, found: "The first witness testifying for the

city was Frank Burnside. He is an engineer, thoroughly capable and thoroughly respected in this county. He has been the County Surveyor for a long time at public request. Mr. Burnside went over every area and every tract of ground entirely around the city that is involved in this hearing. He has spent twenty-five years of his life in work of that kind. He testified that there is no piece of ground involved in this area that is not adaptable for city purposes.

"He was followed by the City Engineer, who testified that he is a man of ten years' experience in such work. That all of this property can be furnished with sewer system.

"He was followed by Ex-Mayor Bodenhamer * * *, a man thoroughly capable and thoroughly experienced in real estate matters, and he testified with the exception of two small tracts in the Southeast corner, he is familiar with all the property involved in this lawsuit, and it is all adaptable to city uses. He also testified that El Dorado is a growing city and that there is need for expansion for El Dorado's normal growth. * * *

"I believe from the evidence that all of the property involved is adaptable to city uses, that there is need for expansion and that the prayer for annexation should be granted, and it is so ordered."

This testimony is substantial and sufficient to support the judgment.

We do not detail the testimony since to do so would serve no useful purpose. It suffices to say, as indicated, that the testimony of the three witnesses, Mr. Burnside, the City Engineer, and Ex-Mayor Bodenhamer, was substantial and warranted the findings and judgment of the Circuit Court.

Appellants next argue that § 19-307, above, is unconstitutional and say: "Appellants do not contend, and do not want to be understood as contending, that the Legislature could not enact a law under which territory could be brought into a municipality without the consent of a

majority of the electors therein, but simply contend that the Legislature has not done so. Appellants do contend, however, that the Legislature cannot enact a law placing the burden of proof on the inhabitants of a territory sought to be annexed, to show that the territory should not be annexed.''

The answer to this argument is found in *Dodson et al.* v. *Mayor and Town Council, Fort Smith,* above, wherein § 19-307 above (Act Mar. 9, 1875, No. 1, § 84, p. 1; C. & M. Dig., § 7468; Pope's Dig., § 9501), was construed. It was there held that by force of the statute, annexation must be determined by the vote of the electorate within the town or city.

Appellants argue that we should overrule the Dodson case, but this we decline to do. We hold, therefore, that under the provisions of § 19-307, above, contiguous territory may be brought into a municipality on the vote of a majority of the electors within the municipality only and that said section is constitutional.

Next appellants question the sufficiency of the plat which the City filed with its petition and say: ''The plat filed fails to show areas that are platted, and shows other areas as platted that actually are not platted; it fails to show roads, and shows other roads or streets that actually do not exist.''

We think this contention without merit. Engineer, Frank Burnside, testified positively that the ''map is specifically and generally correct.'' The Circuit Court, therefore, had before it substantial evidence upon which to base its findings, that the plat or map in evidence was sufficient.

Appellants next contend that ''the Circuit Court could not properly enter a judgment incorporating the territory in the city, but could only reverse the County Court and remand to that Court for compliance with the provisions of the above statutes.''

The effect of our holding in the case of *Batesville* v. *Ball,* 100 Ark. 496, 140 S. W. 712, is against this conten-

tion. We there said: "When a cause is appealed from the county court to the circuit court, the latter court obtains jurisdiction over the matter to the same extent as if it had been originally brought in that court, and it must proceed to fully try and determine the cause. It does not pass upon the question as to whether or not the county court has committed error in any of its rulings, either of law or of fact, but it must try the cause upon its merits, both of law and of fact, just as if it had been originally brought in the circuit court. It does not either affirm or reverse the findings or judgment of the county court, but tries the cause alone upon its merits, and determines the same by the exercise of its own discretion and judgment. It must come to a final determination of the matter, and enter a final judgment thereon. After such final judgment has been made by it, it can then order the same back to the county court with directions to enter such judgment as it has made; but it has no authority to remand the cause with power to the county court to proceed further therein as it may determine."

Here, the Circuit Court made a final determination of the question of annexation and entered a final judgment thereon as it was required to do. If it has not already done so, the trial court should order its final judgment "back to the County Court with directions to enter such judgment, etc."

As pointed out in the above case, the Circuit Court has no authority to remand the cause to the County Court for any further proceedings that that court might determine.

Finally, appellants contend that the petition for annexation was not filed by the City in the County Court within a reasonable time after the election. We cannot agree. It appears that the City waited approximately four months and twelve days before filing its petition in the County Court.

Appellants point to no statute in this State on annexation specifying the time within which a municipality must file its annexation petition after the question has

received a favorable vote from the electorate. In such circumstances, the general rule that where no statute of limitation is provided, the law contemplates that the petition (in question here) must be filed within a reasonable time, applies. Appellants have failed to show any such changed conditions since the election as would materially affect their rights as Remonstrants. We hold that the delay pointed out here, in the circumstances, was not unreasonable, that the petition was filed by the City and the County Court within a reasonable time and that appellants have failed to show any abuse of the trial court's discretion in so holding.

Finding no error, the judgment is affirmed.