LOUALLEN *v.* MILLER.

5-1669                                           317 S. W. 2d 710

Opinion delivered November 17, 1958.

*Ben M. McCray,* for appellant.

*Glenn G. Zimmerman* and *William G. Fleming,* for appellee.

*Terrall, Rawlings & Boswell,* amicus curiae.

PAUL WARD, Associate Justice. This appeal deals with the annexation of a small parcel of land to the town of Bryant. The petition for annexation, signed by a majority of the property owners affected, was approved by the circuit court over the objections of appellant and his wife who are affected property owners.

Appellants' grounds for urging a reversal will be classified and discussed under three separate headings. *One.* The lands sought to be annexed are not contiguous. *Two.* The lands proposed for annexation are not suitable for that purpose under the rules announced in *Vestal* v. *Little Rock,* 54 Ark. 321, 15 S. W. 891. *Three.* There is no substantial evidence to support the judgment of annexation by the circuit court.

*One.* There is, we think not only substantial but clear and convincing evidence to support the trial court's finding that the land proposed for annexation is contiguous to the town of Bryant. It is admitted by appellants that the land touches the corporate limits of Bryant along a north and south line for 150 feet. The parcel of land proposed for annexation (hereafter referred to as "the land") is very small and is in an irregular shape. The plot shows the said 150 feet wide (from north to south) strip extends west from the west corporate limits for a distance of 634 feet, and that adjoining said strip at the southwest corner is another irregular parcel of land which extends west 250 feet and south 450 feet. It is also shown that there is a black-topped road (running west from and being a continuation of Fourth Street) across "the lands". There appears no reason why it is not practicable for the present town and "the land" to some day become a unity. In the *Vestal* case, *supra,* it was said: "In all cases, however, where actual unity is practicable legal unity should be ordered as promising the greatest aggregate of Municipal benefits". In the cited case it was held that Little Rock and Argenta (now North Little Rock) were contiguous although they are divided by the Arkansas

River which (then) could only be crossed *via* two bridges and small boats. See also: *Garner* v. *Benson,* 224 Ark. 215, 272 S. W. 2d 442. The case of *Wild et al.* v. *People ex rel. Stephens,* 227 Ill. 556, (Ill.) 81 N. E. 707, cited by appellants as holding to the contrary is not in point because it is based on a statute which we do not have in this state.

*Two.* In the *Vestal* case, *supra,* the court, after mentioning the two grounds relied on for a reversal, made this statement: "Before considering them (the two points) directly, we will state what we conclude from the many authorities to be the correct rule to guide in determining an application for annexation". The court then set forth (at pages 323 and 324 Arkansas Reports) five examples or conditions affecting annexation. It is important to note that these five examples or conditions are not conjunctive but disjunctive. In appellants' designation of points and in the argument they have apparently relied on each example or condition as a separate ground for reversal. It seems clear to us however that it is not encumbent upon appellees to meet the burden imposed by all five of the conditions or examples. In other words, "the land" may be considered as suitable for annexation if appellees' application and proof comply with either one of them. We think this requirement has been met.

Although "the land" has not been divided into lots and blocks, it appears they are susceptible of such divisions; they furnish a suitable abode for the four families now living there and could be used by others; the town has recently approved a sizeable bond issue (two in fact) for improvement of the water system, and this service is needed and can be used by those living in the proposed annexation; a serviceable road or street has already been constructed as before mentioned, and; it appears that the lots, as stated in the *Vestal* case, *supra,* ". . . are valuable by reason of their adaptability for prospective town uses". The land is not used for agriculture or horticulture and it is not shown to be valuable for that purpose only.

There is much testimony showing that there are a great many vacant lots in the town of Bryant, and great stress is placed on this fact by appellants. Although the existence of these vacant lots is a circumstance which might have been weighed by the trial judge, it has never been considered controlling by this court. In the case of *Fowler* v. *Ratterree,* 110 Ark. 8, 160 S. W. 893, annexation was approved although, as the court said, there was "much vacant and unimproved lands already within the limits".

We are aware that from the very nature of this kind of a case there will often be occasion for a diversity of opinions and that, for that reason, much must be left to the good judgment of the trial court. The statutes under which this proceeding was instituted (Ark. Stats. § 19-301 *et seq.*) appear to be designed to that end. Section 19-302, among other things, says the court shall grant annexation if it is satisfied the prayer of the petitioner is right and proper. Sanction was given to this view in the recent case of *Cantrell et al.* v. *Vaughn,* 228 Ark. 202, 306 S. W. 2d 863, decided by us November 4, 1957, Vol. 102 L. R. 760.

*Three.* In view of what we have already said it is obvious that there is substantial evidence to support the judgment of the trial court. It is well established by the decisions of this court that the findings of the trial court in annexation cases must be given the same weight as are given to the verdict of a jury, and that such findings must be sustained if supported by substantial evidence. See: *City of Newport* v. *Owens,* 213 Ark. 513, 211 S. W. 2d 433; *Walker* v. *City of Pine Bluff,* 214 Ark. 127, 217 S. W. 2d 510; *Burton* v. *City of Fort Smith,* 214 Ark. 516, 216 S. W. 2d 884; *Marsh* v. *City of El Dorado,* 217 Ark. 838, 233 S. W. 2d 536, and; *Garner* v. *Benson,* 224 Ark. 215, 272 S. W. 2d 442.

Affirmed.