CITY OF SHERWOOD *v.* HARDIN.

5-1863                                           325 S. W. 2d 75

Opinion delivered June 1, 1959.

*Charles L. Carpenter,* for appellant.

*Byron Bogard,* for appellee.

PAUL WARD, Associate Justice. This is an annexation proceeding. The appeal comes from the order of the Circuit Court reversing the County Court and denying the City of Sherwood the right to annex four separate parcels of land. There is very little, if any, dispute about the facts, but there is some difficulty in drawing the proper conclusion from those facts.

On September 16, 1957, while Sherwood was an incorporated town, the Council enacted four separate ordinances calling for a vote of the people at the November election upon the question of annexation. The vote in each instance was 56 in favor of and 6 against annexation. In due course four separate petitions were filed with the County Court seeking an order of annexation, which was granted. In February 1958, after Sherwood was made a City of the Second Class on January 20, 1958, each order of the County Court was appealed to the

Circuit Court with the result heretofore stated. The testimony introduced in the Circuit Court is substantially as set out below.

The Mayor testified: We have a contract with the County for the repair of streets, and a considerable amount of work has been done recently; We are now in the process of widening the corner of Edgewood and Country Club; and we maintain the paved streets; The City now has a regular garbage collection service at a charge of $2 per quarter; We have a City Marshal and two part-time deputies and we have a close working agreement with the Sheriff's office; We require all dogs to be vaccinated against rabies and there has not been a case of rabies since the City was organized; The City has some spray equipment and keeps the ditches and weeds sprayed for protection against mosquitoes and insects, and we have a sanitation department which enforces ordinances against unsanitary conditions; We have ordinances for fire protection and prevention which have received a very high rating from the National Underwriters Laboratory; We have no sewer system at this time but we have employed an engineer to make a preliminary survey leading to the acquisition of a sanitary sewer system; We have given the Arkansas Louisiana Gas Company a franchise to serve the City, and; The City has a City Hall and a playground with tennis courts, swing, lights, etc., for which the City pays about $2,500 each year.

Seven witnesses testified against annexation. Aside from unimportant details, all this testimony was to the effect that they were satisfied with the law enforcement, fire protection and garbage collection service which they now had; that they had septic tanks, that they saw no advantage to them to be annexed to the City of Sherwood, and that it would only force them to pay 5 mills extra in taxes to be annexed.

The parties entered into the following stipulation at the trial:

"It was stipulated by the parties that in each case the Ordinance calling for the vote upon the question of

annexation was properly passed by the Council of the Incorporated Town of Sherwood; that it was referred to the people and voted upon at the General Election in November, 1957; that the annexation was approved by the vote of the electors of the town of Sherwood.''

A map of the entire City and surrounding territory was introduced and marked Exhibit 1. It shows Area A to contain about 8 lots, Area B to contain about 6 lots, Area C to contain about 20 lots, and Area D to contain about 15 lots. It further shows all areas to be plotted and adjacent to the City, and two of the areas to be almost surrounded by the City.

In reversing the annexation order of the County Court, the Circuit Court gave as its reasons in each instance, (a) that annexation would not be to the best interest of the residents affected, (b) that the area was small, and (c) that annexation has not been approved by the Metropolitan Area Planning Commission of Pulaski County. We are unable to sustain the judgment of the trial court on any of the grounds mentioned above.

Little need be said, we think, regarding the reasons assigned in (b) and (c) above. Appellees refer us to no decision of this court, and we know of none, which holds that annexation will be denied because the proposed area (to be annexed) is too small, or because it is not approved by a planning commission. Requirements for annexation, as we have frequently said, are matters for the legislature and not for the courts, and our legislature has not seen fit so far to make any such restrictions as (b) and (c). As is pointed out, we have refused to allow annexation where the area is too large, but the courts have been given some latitude of discretion in that instance by the legislature in Ark. Stats. 19-303. Act 26 of 1955 (Ark. Stats. 19-2820 *et seq.*) under which the Pulaski County Metropolitan Area Planning Commission was organized, merely permits cities and towns to organize and ''jointly cooperate in the exercise and performance of planning power, duties and functions as provided by state law for cities and counties,'' but in no way deals with the question of annexation. The record shows

that Sherwood is a member of the said Commission on a strictly voluntary basis, and so would not be bound by any suggestion or requirement it might make. It is not shown that any was made here.

(a)   Nowhere in the record do we find any substantial evidence to support the finding that it would not be to the best interest of the appellees to be incorporated. In many decisions of this court, from *Dodson et al* v. *Mayor and Town Council, Fort Smith,* 33 Ark. 508 to *Marsh* v. *City of El Dorado,* 217 Ark. 838, 233 S. W. 2d 536, we have held in this kind of a case that the judgment of the Circuit Court will be sustained if supported by substantial evidence, but we have also announced other rules which must be considered and applied here. In the *Dodson* case, *supra,* we find this: ''The vote of the town makes a *prima facie* case as to the propriety of annexation.'' This statement was also approved in the *Marsh* case, *supra.* In the latter case we also said that the burden (*onus*) was on the remonstrants to override the judgment of the County Court. Again, in speaking of the weight that should be given to the finding of the County Court, we said: ''This should always be a grave matter of consideration, and the Circuit Court, in cases like this, should hestitate to interfere with the judgment and discretion of the County Courts, when fairly exercised, without any fraud or mistake as to the law of the case, upon the facts presented.'' In the case before us it is stipulated that the law was followed, and it is not contended that there was any fraud or mistake which influenced the judgment of the County Court. In the case of *Foreman et al* v. *Town of Marianna,* 43 Ark. 324, we said that annexation did ''not depend upon the will of the citizens whether or not they may be subject to the restrictions and burdens of these municipal *quasi* corporations and we also said that it did not depend on whether it ''would put money in the pocket'' of an individual remonstrant. And in the same case it was said, in speaking of the *power* to determine when to incorporate, that ''Indeed the County Courts are the best depositories of that power . . .''

766

Therefore, since it is admitted that all procedural requirements of the statute have been met by appellant, since there is no evidence of fraud or mistake, and since appellees have not shown any valid reason, recognized by our former decisions, for opposing annexation, we have concluded that the record contains no substantial evidence to overcome the *prima facie* case for annexation or to meet the burden placed on appellees as explained heretofore. Hence there is no substantial evidence to sustain the judgment of the trial court and it is therefore reversed, and the order of the County Court is reinstated.