MANN *v.* CITY OF HOT SPRINGS.

5-2441                                                          350 S. W. 2d 317

Opinion delivered October 23, 1961.

[Rehearing denied November 13, 1961.]

*Richard W. Hobbs* and *R. Julian Glover,* for appellant.

*David B. Whittington,* for appellee.

ED. F. McFADDIN, Associate Justice. This appeal challenges a judgment of the Garland Circuit Court which annexed to the City of Hot Springs the adjacent territory here involved. The appellants, Sherman Mann and others, are residents of the territory sought to be annexed and have, all the time, most energetically opposed the annexation.

At the General Election in November 1959, there was submitted to the electors of the City of Hot Springs

(hereinafter called "The City") the question of annexing the territory here involved, containing in excess of 700 acres all located south and west of the then existing city limits, and all being in Garland County. The vote was overwhelming in favor of annexation. Thereupon, the City, proceeding under § 19-307 Ark. Stats., presented to the Garland County Court the petition for annexation. The appellants, for themselves and other residents in the territory sought to be annexed, offered testimony in opposition to the annexation, but the County Court duly entered the order for annexation. The case was appealed to the Circuit Court; trial there resulted in a judgment for annexation; and the case is here on appeal.

At the outset, we mention a few rules applicable to a case like this:

(a) The vote of the electors of the City of Hot Springs made a *prima facie* case for annexation, and the burden was on the appellants, as the objectors, to defeat the *prima facie* case. *Dodson* v. *Mayor & Town Council,* 33 Ark. 508; *Burton* v. *Ft. Smith,* 214 Ark. 516, 216 S. W. 2d 884; *Marsh* v. *El Dorado,* 217 Ark. 838, 233 S. W. 2d 536.

(b) The findings of fact of the Circuit Court in an annexation case like this have the force and effect of a jury verdict, and the appellants, here, have the burden of proving that there was no substantial evidence to sustain the Circuit Court judgment. *Burton* v. *Ft. Smith, supra; Garner* v. *Benson,* 224 Ark. 215, 272 S. W. 2d 442; *City of Little Rock* v. *Findley,* 224 Ark. 305, 272 S. W. 2d 823.

(c) "That city limits may reasonably and properly be extended so as to take in contiguous lands, (1) when they are platted and held for sale or use as town lots, (2) whether platted or not, if they are held to be bought on the market and sold as town property when they reach a value corresponding with the views of the owner, (3) when they furnish the abode for a densely-settled community, or represent the actual growth of the

town beyond its legal boundary, (4) when they are needed for any proper town purpose, as for the extension of its streets, or sewer, gas or water system, or to supply places for the abode or business of its residents, or for the extension of needed policy regulation, and (5) when they are valuable by reason of their adaptability for prospective town uses; but the mere fact that their value is enhanced by reason of their nearness to the corporation, would not give ground for their annexation, if it did not appear such value was enhanced on account of their adaptability to town use. . . . that city limits should not be so extended as to take in contiguous lands, (1) when they are used only for purposes of agriculture or horticulture, and are valuable on account of such use, (2) when they are vacant and do not derive special value from their adaptability for city uses." *Vestal*[1] v. *Little Rock*, 54 Ark. 321, 15 S. W. 891, 16 S. W. 291, 11 L. R. A. 778.

We have studied the record here before us, with the foregoing rules in mind, and have come to the unanimous conclusion that the Circuit Court judgment must be affirmed. The desires of the residents in the territory to be annexed are not a determinative point. (*Dodson* v. *Mayor & Town Council, supra.*) The deciding issue is whether the testimony in favor of annexation[2] measures up to the rules as first enunciated in *Vestal* v. *Little Rock*, and reiterated in our subsequent cases, one of which is *Garner* v. *Benson, supra*. The record here shows that most of the area sought to be annexed is thickly settled, traversed by streets and highways, and already has stores, banks,[3] schools, filling stations and various other businesses, thereby demonstrating the sub-

[1] There is an annotation in 62 A.L.R. 1011, entitled, "Facts warranting extension or reduction of municipal boundaries," which cites the Vestal case and other Arkansas cases.

[2] In 62 C.J.S. 129, "Municipal Corporations" § 44, cases are cited to sustain the statement that it is not a valid excuse for refusing annexation of territory that the taxes in such territory will be increased.

[3] Two small plots of ground in which two branch banks are located are not embraced in the annexation, in order to prevent the banks from offending against § 67-319 Ark. Stats. As to this statute, we express no opinion; but the exclusion of the two plots does not destroy the contiguity of the territory to be annexed.

urban nature of the territory; and that the City of Hot Springs has shown its ability to provide water, fire, and police protection, and the necessity for such. There is every reason why the territory should be annexed.

The judgment of the Circuit Court is affirmed.