Mrs. Fred PLANQUE et al *v.* CITY OF EUREKA SPRINGS, ARKANSAS

5-4299                                   419 S. W. 2d 788

Opinion delivered October 30, 1967

362

*W. D. Anglin*, for appellants.

*Oliver L. Adams Jr.* and *James E. Coates*, for appellee.

J. FRED JONES, Justice. This appeal is from a judgment of the Carroll County Circuit Court, Western District, upholding the annexation of certain territory consisting of some 715 acres, known as Stadium Addition, by the City of Eureka Springs. The annexation was carried out under the provisions of Ark. Stat. Ann. § 19-307 (Repl. 1956), which is Act Mar. 9, 1875, No. 1 § 84, p. 1. The city council of Eureka Springs submitted the question of annexation to the qualified electors, a majority voted in favor of annexation and a petition was presented to the county court as provided in § 19-307. Eight individuals and three married couples, who owned property within the territory involved, and who are the appellants here, opposed the petition in county court and after hearing thereon, the petition for annexation was granted and an order of annexation was entered by the county judge. The remonstrants appealed to the circuit court where a jury was waived and the case was tried before the circuit judge sitting as a jury. After hearing the evidence offered by the remonstrants, and after finding that a majority of the votes cast at the election was in favor of annexation and that the proposed territory was contiguous to the existing boundary of the City of Eureka Springs, the circuit court found "that the Remonstrants have failed to go forward with the burden of proof to show the invalidity of the order of the Carroll County Court," * * * and the petition of the remonstrants objecting to the an-

nexation order of the Carroll County Court was dismissed and the annexation was approved by the circuit court.

On appeal to this court appellants designate the following point for reversal:

"The Court erred in directing a verdict for the petitioner and appellee, City of Eureka Springs, Arkansas, upon the grounds that the remonstrants and appellants failed to go forward with the burden of proof to show the invalidity of the order of the Carroll County Court, after the remonstrants and appellants had presented their proof of same."

At the outset we consider appellants' reference to "directing a verdict" to mean "rendering judgment" since a jury was waived in this case, and we consider the trial court's finding that the appellants failed to *"go forward* with the burden of proof" to mean *"sustain* the burden of proof," since appellants apparently did accept their burden of proof and did go forward in producing the testimony of three witnesses in support of their contention that the order of annexation should not have been made following the hearing in county court.

There have been few material legislative changes in our annexation laws since first enacted in 1875, and our case law has not deviated far from the guide lines laid down in the landmark case of *Vestal* v. *Little Rock,* 54 Ark. 321, 15 S. W. 891, decided by this court in 1891. In the Vestal case we said:

"City limits may reasonably and properly be extended so as to take in contiguous lands, (1) when they are platted and held for sale or use as town lots, (2) whether platted or not, if they are held to be brought on the market and sold as town property when they reach a value corresponding with the views of the owner, (3) when they furnish the

abode for a densely-settled community, or represent the actual growth of the town beyond its legal boundary, (4) when they are needed for any proper town purpose, as for the extension of its streets, or sewer, gas or water system, or to supply places for the abode or business of its residents, or for the extension of needed police regulation, and (5) when they are valuable by reason of their adaptability for prospective town uses; but the mere fact that their value is enhanced by reason of their nearness to the corporation, would not give ground for their annexation, if it did not appear that such value was enhanced on account of their adaptability to town use."

Neither have we had occasion to deviate far from the additional principle announced in the *Vestal* case that:

". . . city limits should not be so extended as to take in contiguous lands, (1) when they are used only for purposes of agriculture or horticulture, and are valuable on account of such use, (2) when they are vacant and do not derive special value from their adaptability for city uses."

Following a favorable vote for annexation in a properly called and conducted election, the county court is bound to grant the petition praying for the annexation unless a complaint is filed against it, and the burden rests on those filing such complaint to show why the petition for annexation should not be granted.

In the early case of *Dodson* v. *Mayor and Town Council, Fort Smith,* 33 Ark. 508, this court said:

"By force of the statute the annexation follows the vote of the city, and the proper formal steps prescribed to be taken in the County Court, unless there be a complaint filed against it and sustained. The vote of the town makes a *prima facie* case as to

the propriety of the annexation. The onus of showing cause against it sufficient to satisfy the judgment of the County Judge, was upon the remonstrants.''

On appeal to the circuit court from an order of the county court in annexation cases, the circuit court tries the case *de novo* but the burden of proof in showing that the territory should not be annexed still rests on those opposing the annexation where a majority of the electors of the municipality have voted for annexation. *Marsh* v. *City of El Dorado,* 217 Ark. 838, 233 S. W. 2d 536.

In the case of *Garner* v. *Benson,* 224 Ark. 215, 272 S. W. 2d 442, this court said:

"We have consistently held that the findings of the Circuit Court have the same weight and effect as the verdict of a jury and therefore we must affirm the Court's judgment if we find any substantial evidence to support it. We are not called upon to decide where the preponderance of the evidence lies. It is further well established that the vote of the town or city makes a prima facie case as to the propriety of the annexation. The burden of proof of showing cause against annexation rests upon those opposing it."

In the case of *Mann* v. *City of Hot Springs,* 234 Ark. 9, 350 S. W. 2d 317, one of the rules applicable to a case like this was stated as follows:

"The vote of the electors of the City of Hot Springs made a *prima facie* case for annexation, and the burden was on the appellants, as the objectors, to defeat the *prima facie* case."

The parties stipulated that the plat presented at the trial in circuit court represented the territory involved and that a majority of the votes cast in the elec-

tion on the question was in favor of annexation. The trial court found from the plat before it that the 715 acres, more or less, in Stadium Addition was contiguous to the City of Eureka Springs and that a majority of the votes cast in the election was in favor of annexing this territory to the City of Eureka Springs.

So we now come to the only question actually before us on this appeal. Did the trial court err in holding that the appellants failed to sustain their burden of proof that the proposed territory should not be annexed?

The record does not reveal the number of property owners or people residing in the territory involved, and this is immaterial except possibly to show the density of population, but only three owners of approximately 33 acres of the area involved testified at the trial in circuit court. No professional or expert testimony was offered and none of the thirteen appellants testified except Burt Hull, V. E. Blanchard and George O'Connor.

Mr. Hull testified that he owns 21 acres, more or less, and that his land has small brush on it; that a ridge runs down south of his house where he raises good garden stuff; that it had watermelons on it when he bought it, and had a big potato patch the next year; that he has some pasture on it now where he keeps a horse and sometimes a few cows; that the land is agricultural in nature to a certain extent; that there are seven or eight houses within approximately one mile between his land and the city limits.

Mr. Hull's primary objection is to the building code and the revenue that would be derived from his land and spent by the city as it has been spending its revenues. He thinks the city has grown beyond its present boundary lines.

Mr. O'Connor owns about five acres bordering the present city limits. He has observed livestock in the entire area, but not in great numbers. This witness has

city water to his place, but no streets. He put in the water line and pays double the regular water rate. Mr. O'Connor has some pasture, a junk yard, a filling station and his home on his land. He has not used his pasture in two years. Two highways wind through the area and streets lead off going into town.

Mr. Blanchard owns about seven acres about one-half mile from the present city limits. The gist of his testimony is that he purchased the property for a retirement home and keeps farming equipment on it. He understands that the city wants to annex the property for an industrial site and he doesn't believe there is enough labor available to run an industry. He testified that the city has grown beyond its boundaries but doesn't need his property.

The entire evidence offered by the appellants consisted of the testimony of these three appellants, and the substance of their testimony was directed primarily to the personal inconveniences, lack of benefits and higher taxes they anticipate from annexation.

Mr. O'Connor testified:

"Another of my objections to being annexed is that the people out there are people who have paid their bills and paid them on time and they don't give rubber checks. Neither is there any of them out there to my knowledge that have been picked up for drunkenness. So, I don't have any particular desire to break into town."

This court has held that the desires of the residents in the territory to be annexed are not a determinative point. *Mann v. City of Hot Springs, supra.* In the Mann case attention is also directed to an annotation in 62 C.J.S. 129 "Municipal Corporations" § 44, with cases there holding that "Neither is it a valid excuse for refusing annexation of territory that the taxes in such territory will be increased."

The rule announced in the case of *Dodson* v. *Mayor and Town Council, Fort Smith, supra,* as applicable to the case here. By force of the statute the annexation followed the vote of the City of Eureka Springs. The vote of the City made a *prima facie* case as to the propriety of the annexation, and the burden of producing sufficient competent evidence to overcome the *prima facie* case as to the propriety of the annexation was on the appellants, and we conclude that the trial court did not err in holding that appellants failed in their discharge of that burden. The judgment of the trial court is affirmed.

Affirmed.