## Arch FAUCETT v. CITY OF ATKINS

5-5193  453 S. W. 2d 64

Opinion delivered April 27, 1970

*Williams & Gardner,* for appellant.

*Laws & Schultze,* for appellee.

Frank Holt, Justice. On November 5, 1968, a spe-

cial election was conducted by the appellee, in conjunction with the general election, at which the issues of annexing a contiguous 720-acre tract of land to the appellee city was submitted. The election resulted in a vote favorable to annexation. The county court, after a hearing, caused an order to be entered on December 31, 1968, granting the petition for annexation. From this order appellant appealed to the Pope Circuit Court where the cause was tried de novo on August 27, 1969, resulting in an affirmation of the order for annexation. From this latter ruling comes the present appeal.

Appellant asserts two points for reversal: (1) The circuit court erred in finding that the lands sought to be annexed are a natural extension to the City of Atkins necessary for the proper and orderly growth of said city; and (2) the circuit court erred in ordering the annexation because the city council's method of submitting the question to the voters was void.

I

The rules controlling our appellate determination have been firmly and precisely delineated on many prior occasions. Since the vote of the city makes a prima facie case as to the propriety of annexation [*Dodson* v. *Mayor and Town Council, Fort Smith*, 33 Ark. 508 (1878)], the burden of proof in showing that the territory should not be annexed is upon the remonstrant at both the county court hearing and the circuit court trial de novo. *Planque* v. *City of Eureka Springs*, 243 Ark. 361, 419 S. W. 2d 788 (1967); *Walker* v. *City of Pine Bluff*, 214 Ark. 127, 214 S. W. 2d 510 (1948). By the very nature of this type of litigation, there is wide latitude for a divergence of opinion; consequently, a high degree of reliance must be placed upon the findings of the trial judge. See *Louallen* v. *Miller*, 229 Ark. 679, 317 S. W. 2d 710 (1958). Our task, as specified in our cases, is solely and simply to ascertain whether any substantial evidence justifies these findings which, on appeal, must be given the same weight and verity as a jury verdict. *Louallen* v. *Miller., supra, and Mann* v. *City of Hot Springs*, 234

Ark. 9, 350 S. W. 2d 317 (1961). Thus, we do not here decide the case by determining the preponderance of the evidence [*Walker* v. *City of Pine Bluff, supra*], but rather we must affirm if there was any substantial evidence presented which supports the judgment of the trial court, even though there might be convincing evidence from which the trial court could have found contra—in which case we would have likewise been bound to affirm. It is therefore unnecessary to compare the testimony of each witness; it is sufficient to simply state the finding of the trial court and note that evidence which substantially supports it.

In its "Findings of Fact and Conclusion of Law," the trial court states:

"3. That the territory sought to be annexed is contiguous to the present city limits of the City of Atkins, and is a natural extension of the city limits of the City of Atkins; that there are presently certain parts of the area which are platted and developed as urban homesites; that the persons in the area are presently receiving all the benefits and utilities available to the residents of the City of Atkins with the exception of sewer service which is not presently available to the major portion of that part of the City of Atkins south of the Missouri Pacific Railroad tracks; that the annexation of the described area to the City of Atkins will benefit both the City of Atkins and the residents of the annexed lands; that the lands are a natural extension of the City of Atkins and are necessary for the proper and orderly growth of the city and represent the actual growth of the town beyond its present legal boundaries; and that the described areas should be annexed to the City of Atkins, Arkansas."

There is ample and substantial evidence to support this finding and to comply with the often reiterated conditions for annexation enunciated in *Vestal* v. *Little Rock*, 54 Ark. 321, 16 S. W. 291 (1890):

City limits may reasonably and properly be extended so as to take in contiguous lands, (1) when they are platted and held for sale or use as town lots, (2) whether platted or not, if they are held to be bought on the market and sold as town property when they reach a value corresponding with the views of the owner, (3) when they furnish the abode for a densely-settled community, or represent the actual growth of the town beyond its legal boundary, (4) when they are needed for any proper town purpose, as for the extension of its streets, or sewer, gas or water system, or to supply places for the abode or business of its residents, or for the extension of needed police regulation, and (5) when they are valuable by reason of their adaptability for prospective town uses; but the mere fact that their value is enhanced by reason of their nearness to the corporation, would not give ground for their annexation, if it did not appear such value was enhanced on account of their adaptability to town use.

"* * * City limits should not be so extended as to take in contiguous lands, (1) when they are used only for purposes of agriculture or horticulture, and are valuable on account of such use, (2) when they are vacant and do not derive special value from their adaptability for city uses."

These examples or conditions are in the disjunctive. *Louallen* v. *Miller, supra.* There we said annexation of land is proper when the proof sufficiently complies with any one of these conditions.

It is not disputed that the territory to be annexed is contiguous to the City of Atkins. Testimony was adduced that the city has furnished the area proposed to be annexed with services afforded to the city's residents, such as fire protection and water, with the exception of a sewage system. Plans for an extension of this latter service have been tentatively designed. The

city maintains a park and two streets in this contiguous territory. It appears there is presently a small part of the area platted and developed as urban homesites. In fact, some new homes have been built in this territory during the past four or five years. From the testimony it appears that upon annexation fire insurance rates would significantly be decreased; power and telephone rates would also be lowered. There was evidence that the annexation of this contiguous area is susceptible and necessary to the orderly growth of the appellee city.

Appellant insists that *City of Newport* v. *Owens,* 213 Ark. 513, 211 S. W. 2d 438 (1948), constitutes a precedent for, and is decisive in, the present case. With this we agree; however, we disagree as to the interpretation and application of that precedent to this case. In *Newport* the trial court concluded that the facts presented warranted a denial of the petition for annexation. On appeal, we affirmed holding that there was substantial evidence to support this finding. However, we also noted that if the circuit court had found to the contrary, there would have been substantial evidence to support such holding. In that event, as in the case presently before us, we would have likewise affirmed.

Testimony was adduced by the appellant, the only remonstrant, to the effect that the lands sought to be annexed are presently used primarily for agricultural purposes. However, these lands were "not shown to be valuable for that purpose only" so as to bring them within the conditions precluding annexation as specified in *Vestal* v. *Little Rock, supra.* See *Louallen* v. *Miller, supra,* and *Vogel* v. *Little Rock,* 55 Ark. 609, 19 S. W. 13 (1892). In the case at bar most of appellant's 140 acres of farmlands were excluded from the annexation; however, his home, barn, and headquarters were within the area to be annexed. As to benefits appellant receives from the city prior to annexation, he testified: "I said we had everything they had in the city but sewer. That's what I said."

Appellant argues that the territory to be annexed is mostly vacant since it has only approximately 55 houses and 200 inhabitants. In *Walker* v. *City of Pine Bluff, supra,* we noted that no particular weight is to be given to the consideration that the territory to be annexed is primarily vacant since "a growing city * * * could hardly be expected to expand into territory already covered by houses." There was testimony by the mayor that Atkins is a growing city, although at a slow rate, while most small towns in Arkansas have experienced a decrease in population. Appellant contends there is considerable vacant property within the city limits of Atkins which has a population of 1,695. As to vacant property within city limits, in *Louallen* v. *Miller, supra,* we held that "[a]lthough the existence of these vacant lots is a circumstance which might have been weighed by the trial judge, it has never been considered controlling by this court." In the case at bar there appears no reason why it is not feasible and practicable for the contiguous area and the present City of Atkins to become a unity.

## II

In his second point for reversal, appellant urges that the city council's method of submitting the question of annexation to the voters of the City of Atkins was improper and void. This contention is premised primarily upon two considerations: (1) There was neither a resolution nor an ordinance prepared for, read to, or voted upon by the council, nor even a motion properly adopted by the council to submit the question of annexation to the voters of Atkins; and (2) the minutes of the city council reflect that Ordinance No. 280 related to the reorganization of voting wards; whereas, when placed on the ballot, Ordinance No. 280 referred to the question of annexation.

Again we must reiterate that, since these issues substantially involve determinations of fact, reliance will be placed on the judgment of the trial court. In arguing the first enumerated aspect of this contention

of error, appellant invites our attention to *Batesville v. Ball,* 100 Ark. 496, 140 S. W. 712 (1911). Conceding that *Batesville* holds that a formal ordinance is not necessary to submit the question to a vote by the people, appellant would distinguish it from the instant case by arguing that here the council minutes, coupled with the confused testimony of various councilmen, establish that nothing more than a motion to prepare an ordinance for annexation was ever passed by the council. We cannot agree. There was testimony that the ordinance was drafted and properly acted upon. Furthermore, the minutes reflect that the annexation ordinance was read three times and a unanimous vote of approval was recorded. We hold there was substantial evidence that an ordinance, constituting the city council's consent to annexation, was properly enacted.

The second aspect of this contention of error is likewise without merit. The trial court found that:

> "The error in the numbering of the ordinance of the City Council calling the election was not a material error and did not cause any confusion in the minds of the voters since the notice of the election and the ballot title both referred to the same ordinance number."

The evidence supports this conclusion. There was no testimony adduced, either from the councilmen regarding the passing of the ordinance or from any residents of the City of Atkins with respect to casting their votes, that this misstatement of the ordinance number was confusing or gave rise to the impression that a reorganization of the wards within the city, instead of the proposed annexation, was being voted upon. In fact, Mr. Dallas Swain, City Recorder, testified that he was probably the only person conscious of this particular error. Each of the councilmen called as a witness testified that he was aware of the substance of the ordinance when voted upon despite whatever number may have been assigned to it. As to the voters, there could not have been any con-

fusion since the ballot presented to them fully specified the nature of the issue and was not identified simply by number.

Affirmed.

BROWN AND BYRD, JJ., dissent.